UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
                                       :
In re MBIA INC. SECURITIES LITIGATION  :   05 Civ. 3514 (LLS)
                                       :
---------------------------------------x
                                       :
This Document Relates to:              :
                                       :
        ALL ACTIONS                    :
                                       :
---------------------------------------x

MEMORANDUM OF DEFENDANT JULLIETTE TEHRANI
IN SUPPORT OF HER MOTION TO DISMISS

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
(212) 692-1000
Attorneys for Defendant Julliette Tehrani

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities................................................................................ | ii |
| Preliminary Statement............................................................................. | 1 |
| Background............................................................................................. | 2 |
| POINT I   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE WAS NO GOOD CAUSE FOR PLAINTIFFS' FAILURE TO SERVE TEHRANI WITHIN THE TIME LIMIT SET IN FED. R. CIV. P. 4(m)............................ | 4 |
| POINT II   BECAUSE PLAINTIFFS DO NOT ALLEGE THAT TEHRANI MADE ANY STATEMENTS DURING THE CLASS PERIOD, THE COMPLAINT SHOULD BE DISMISSED............................. | 11 |
| POINT III   PLAINTIFFS' CLAIMS ARE TIME-BARRED AND OTHERWISE LEGALLY DEFICIENT............................... | 11 |
| CONCLUSION........................................................................................ | 12 |

## TABLE OF AUTHORITIES

Cases                                                                                                       Page

Atsi Communications, Inc. v. Shaar Fund, Ltd.,
    222 F.R.D. 79 (S.D.N.Y. 2004) ..........................................................................10

Bakal v. Ambassador Construction,
    1995 WL 447784 (S.D.N.Y. July 28, 1995) ......................................................7, 9

Bolden v. City of Topeka,
    441 F.3d 1129 (10th Cir. 2006) ..........................................................................4

Coleman v. Milwaukee Board of School Directors,
    290 F.3d 932 (7th Cir. 2002) ...........................................................................6, 8

Hutchinson v. Civitella,
    2003 U.S. Dist. LEXIS 15417 (S.D.N.Y. Sept. 4, 2003)...................................5-6

Jennis v. Rood,
    488 F. Supp. 2d 172 (N.D.N.Y. 2007),
    vacated on other grounds, 310 Fed. Appx. 430 (2d Cir. 2009)........................4-5

McKibben v. Credit Lyonnais,
    1999 WL 604883 (S.D.N.Y. Aug. 10, 1999)........................................................5

National Union Fire Ins. Co. of Pittsburgh v. Barney Assocs.
    130 F.R.D. 291 (S.D.N.Y. 1990) .....................................................................7-8

National Union Fire Ins. Co. of Pittsburgh v. Sun,
    1994 WL 463009 (S.D.N.Y. Aug. 25, 1994).........................................4, 6, 9, 10

Ogbo v. New York State Dep't of Taxation & Finance,
    2000 WL 1273840 (S.D.N.Y. Sept. 6, 2000)....................................................4, 5

Panaras v. Liquid Carbonic Industries Corp.,
    94 F.3d 338 (7th Cir. 1996) ...........................................................................9-10

Petrucelli v. Bohringer & Ratzinger,
    46 F.3d 1298, 1306 (3d Cir. 1995)......................................................................10

Romero v. Bennett,
    2003 U.S. Dist. LEXIS 19338 (S.D.N.Y. Oct. 24, 2003) ...........................6, 7, 8, 9

Romero v. Keeney,
    168 F.R.D. 483 (S.D.N.Y. 1996) ......................................................................7, 9

Seabrook v. City of New York,
  236 F.R.D. 123 (E.D.N.Y. 2006) ................................................................................... 9

Zapata v. City of New York,
  502 F.3d 192 (2d Cir. 2007) .................................................................................... 8, 9

Other Authorities

Fed. R. Civ. P. 4(j) (superseded) ........................................................................................ 8

Fed. R. Civ. P. 4(l) ......................................................................................................... 2 n.

Fed. R. Civ. P. 4(m) ................................................................................................. passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
                                              :
In re MBIA INC. SECURITIES LITIGATION         :    05 Civ. 3514 (LLS)
                                              :
———————————————————————x
                                              :
This Document Relates to:                     :
                                              :
        ALL ACTIONS                           :
                                              :
———————————————————————x


## MEMORANDUM OF DEFENDANT JULLIETTE TEHRANI
## IN SUPPORT OF HER MOTION TO DISMISS

### Preliminary Statement

This memorandum is submitted on behalf of defendant Julliette Tehrani ("Tehrani") in support of her motion pursuant to Fed. R. Civ. P. 12(b)(5) and (6) for an order dismissing Plaintiffs' Second Consolidated Amended Class Action Complaint (the "Second Complaint") – the only one with which she was ever served – on the grounds that the Second Complaint was not served within 120 days of the commencement of this action, as required by Fed. R. Civ. P. 4(m), and fails to state a claim.

For the same reasons that the Second Complaint should be dismissed against the other Defendants, the Second Complaint should be dismissed against Tehrani: Plaintiffs' claims are barred by the statute of limitations and statute of repose; the Second Complaint does not allege that Tehrani made any statements during the class period; and it does not satisfy the requirements for pleading fraud. There is an additional reason why the Second Complaint should be dismissed against Tehrani. It was not served on her until June 22, 2009 when a copy was left at her home in Connecticut. That was approximately a decade after Tehrani left the

employ of MBIA Inc. ("MBIA"), almost four years after Plaintiffs filed the Consolidated Amended Class Action Complaint (the "First Complaint") which initially named Tehrani as a defendant, and more than 120 days after Plaintiffs filed their Second Complaint.

No good cause exists for Plaintiffs' failure to serve Tehrani on a timely basis and, after the passage of so much time, she would be prejudiced if she were forced to defend this action. Accordingly, for the reasons given by the other Defendants in their motions to dismiss and based on Plaintiffs' failure to serve Tehrani within the time period specified in Fed. R. Civ. P. 4(m), it is respectfully submitted that the Second Complaint should be dismissed against her.

Background

Tehrani was employed by MBIA from 1978 to 1999. At the time she left MBIA, her title was Assistant to the Chief Executive Officer. She has not worked for MBIA in any capacity since 1999. From the time of Tehrani's departure from MBIA in 1999, she has spent a few months a year living in France. However, she maintains a home in Connecticut where members of her family reside even when Tehrani herself is away. Someone also checks her mail regularly and forwards to her anything that may be of interest.

In 2005, Tehrani was interviewed by the United States Attorney's Office and other governmental agencies concerning the reinsurance transactions underlying Plaintiffs' claims. (See Complaint ¶ 88.) The following year – nearly a year after Plaintiffs filed their First Complaint in this action – Tehrani was served with the complaint in a derivative action entitled Orton v. Brown, 06 Civ. 3146 (LLS), which also concerned the reinsurance transactions.[1]

---

[1] In accordance with Fed. R. Civ. P. 4(l), the affidavit of service on Tehrani of the Orton complaint was filed on ECF. It states that Tehrani's husband was served on June 3, 2006. By contrast, in this action, no affidavit of service showing service on Tehrani of the First Complaint appears on the docket. (A copy of the affidavit of service on Tehrani of the Orton complaint is annexed as Exhibit A to the accompanying declaration of Julliette Tehrani, the "Tehrani Decl.").

After she was served with the <u>Orton</u> complaint, Tehrani appeared and made a motion to dismiss, which the plaintiff did not oppose. A stipulation dismissing the <u>Orton</u> complaint with prejudice was entered on September 17, 2007. Since then, Tehrani has had no involvement in any matter relating to MBIA or the reinsurance transactions about which Plaintiffs herein are complaining, and she has had no reason to believe that she would be dragged into this case four years after it was filed and ten years after she was last employed by MBIA.

Although it appears from the docket sheet in this action that all of the other Defendants had been served with process by 2006, <u>see, for example</u>, ECF Doc. Nos. 27-28, 37,[2] Tehrani was not served at that time, nor did Plaintiffs make an application for additional time to effect service on her. Instead, the case proceeded without Tehrani until June 22, 2009 when a copy of the Second Complaint was left with Tehrani's son-in-law at Tehrani's home in Connecticut – the same place Tehrani was served with the complaint in the <u>Orton</u> case three years ago.

By the time the Second Complaint in this action was finally served on Tehrani in June, nearly four years had elapsed since October 3, 2005 when Plaintiffs filed the First Complaint naming Tehrani as a Defendant, <u>see</u> ECF Doc. No. 18, and more than 120 days had gone by since Plaintiffs filed their Second Complaint. Plaintiffs' delay in serving Tehrani is inexcusable. As the <u>Orton</u> case makes clear, Tehrani's address is not a secret; it is possible to serve Tehrani with diligent effort; and Tehrani has not sought to evade service. If Tehrani were now forced to defend claims that relate to events that occurred over a decade ago, she would be prejudiced. As this Court previously found, <u>see</u> ECF Doc. No. 53, Plaintiffs' claims were already time-barred when this action was commenced – long before Tehrani was served – and Plaintiffs' subsequent delay in serving Tehrani has made it impossible for her to conduct an

---

[2] Reference to the docket sheet entries for this case on the Court's electronic filing system are noted in the text by document no. as follows: "ECF Doc. No. _."

investigation of the facts at a time when documents and witnesses were readily available, and her own recollection fresh. Under the circumstances, the Complaint should be dismissed based on Plaintiffs' failure to make a diligent effort comply with Fed. R. Civ. P. 4(m).

POINT I

THE COMPLAINT SHOULD BE DISMISSED
BECAUSE THERE WAS NO GOOD CAUSE FOR
PLAINTIFFS' FAILURE TO SERVE TEHRANI
WITHIN THE TIME LIMIT SET IN FED. R. CIV. P. 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Rule "is intended to promote 'diligent prosecution of civil cases.'" Ogbo v. New York State Dep't of Taxation & Finance, 2000 WL 1273840, at *2 (S.D.N.Y. Sept. 6, 2000) (citation omitted). Accord National Union Fire Ins. Co. of Pittsburgh v. Sun, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994) ("The aim of Rule 4(m)'s 120-day time limit is to foster 'diligent prosecution of civil cases'") (citation omitted).

The 120-day period provided for in Fed. R. Civ. P. 4(m) is measured from the filing of the initial complaint in which a party is named. Bolden v. City of Topeka, 441 F.3d 1129, 1148-1149 (10th Cir. 2006) ("the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint. . . . [W]e read 'service . . . upon a defendant within 120 days after the filing of the complaint,' Rule 4(m), to refer to filing of the first version of the complaint naming the particular defendant to be served"); Jennis v. Rood, 488 F. Supp. 2d 172, 180 (N.D.N.Y. 2007),

vacated on other grounds, 310 Fed. Appx. 430 (2d Cir. 2009) ("Service should have been perfected within 120 days of the filing of the Original Complaint" – not the amended complaint).

In this case, Tehrani was initially named as a defendant in the First Complaint, which Plaintiffs filed on October 3, 2005. See ECF Doc. No. 18. Under Fed. R. Civ. P. 4(m), the 120-day period within which Tehrani was required to be served expired on February 2, 2006. Tehrani was not served until June 22, 2009, about three and one-half years after February 2, 2006. Indeed, although the 120-day period is not measured from the filing of the Second Complaint on February 18, 2009[3] – even if it were – service still would have been untimely because 120 days from February 18 was June 18, 2009, and the Second Complaint was not left at Tehrani's Connecticut home until June 22, 2009. (See Tehrani Decl. ¶ 4.)

Under Fed. R. Civ. P. 4(m), once the court determines that a defendant was not served within 120 days after the complaint was filed, the court "must dismiss the action without prejudice against that defendant . . . ." As the court pointed out in McKibben v. Credit Lyonnais, 1999 WL 604883, at *2 (S.D.N.Y. Aug. 10, 1999), "Among federal courts, there is virtual unanimity that <u>dismissal is mandatory if a defendant is not served within this time frame</u> [120 days from the filing of the complaint] unless the plaintiff can show 'good cause' or 'excusable neglect' for the delay." (Emphasis added.) Accord Ogbo v. New York State Dep't of Taxation & Finance, supra, *2 ("The Second Circuit has held that dismissal is mandatory when a party is not served within the 120-day limit and where there is no showing of good cause").

The burden of proving good cause for failing to comply with Rule 4(m) is on the plaintiff. Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *28 (S.D.N.Y. Sept. 4,

---

[3] See ECF Doc. No. 59.

2003) ("plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant"). To sustain its burden of proving good cause, the plaintiff is required to show that its delay in serving the defendant is attributable to exceptional circumstances beyond its control. Coleman v. Milwaukee Board of School Directors, 290 F.3d 932, 934 (7th Cir. 2002) ("Good cause means a valid reason for delay, such as the defendant's evading service"); National Union Fire Ins. Co. of Pittsburgh v. Sun, supra, *3 ("'good cause' or 'excusable neglect' is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control"); Romero v. Bennett, 2003 U.S. Dist. LEXIS 19338, at *3 (S.D.N.Y. Oct. 24, 2003) (same).

In National Union Fire Ins. Co. of Pittsburgh v. Sun, supra, *3, the court gave the following examples of the kind of exceptional circumstances which would justify plaintiff's failure to complete service within the 120-day period set forth in Fed. R. Civ. P. 4(m):

- where "defendant had avoided service to such an extent as to evidence 'a peregrinatory penchant'";

- "where the defendant, by its active participation in the litigation had 'lulled plaintiff into believing that service had been accomplished'"; and

- where defendant intentionally concealed "a defect in service."

No exceptional circumstances exist here.

By contrast, "[a] delay in service resulting from mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Hutchinson v. Civitella, supra, *29. Based on this standard, the court in Hutchinson held that plaintiffs could not show "good cause" where their failure to serve one of the defendants was due to "'an oversight, resulting in multiple attorneys in two states, coordinating service upon multiple defendants.'" Ibid. See

also Romero v. Keeney, 168 F.R.D. 483, 484 (S.D.N.Y. 1996) (where plaintiff's failure to comply with Fed. R. Civ. P. 4(m) was due to attorney's erroneous belief that service on a state body could be effected by serving Corporation Counsel, court held "good cause" had not been shown, and dismissed complaint).

Similarly, in Bakal v. Ambassador Construction, 1995 WL 447784, at * 2 (S.D.N.Y. July 28, 1995), the court gave the following reason for finding that "good cause" could not be shown for plaintiff's failure to effect timely service on three defendants (*2):

> Nor can plaintiff's failure to timely serve these three defendants be attributed to "good cause" or excusable neglect. <u>Plaintiff has not claimed that circumstances existed which would have made timely service on [the three defendants] difficult or impossible,</u> and exactly the opposite appears to have been the case: from the date on which plaintiff filed her complaint until now, each of the defendants has resided within the New York metropolitan area and worked at the Ambassador, the location of whose facilities obviously was familiar to plaintiff.

(Emphasis added.)

In this case, too, Plaintiffs cannot contend that serving Tehrani was difficult or impossible. As their own conduct makes clear, Tehrani's address was known and Plaintiffs were able to serve her by delivering a copy of the First Complaint to someone at her home in Connecticut.

Although there is no fixed test of what constitutes "good cause" for failing to comply with Fed. R. Civ. P 4(m), the Court in Romero v. Bennett, 2003 U.S. Dist. LEXIS 19338 (S.D.N.Y. Oct. 24, 2003), *4, identified the following four factors as relevant:

> (1) whether the delay in service was the result of mere inadvertence, or whether there has been a reasonable effort to effect service; (2) whether the defendant has been prejudiced; and (3) whether the plaintiff has moved under Fed. R. Civ. P. 6 (b) for an enlargement of time in which to effect service.

See also National Union Fire Ins. Co. of Pittsburgh v. Barney Assocs. 130 F.R.D. 291, 293

(S.D.N.Y. 1990) ("Courts in this circuit consider two factors when determining whether the plaintiff has demonstrated good cause under Rule 4(j): (1) The plaintiff's reasonable efforts to effect service, and (2) the prejudice to the defendant from the delay").[4]

It does not appear that Plaintiffs attempted to serve Tehrani prior to June 2009 and they certainly did not ask the Court for an extension of time to complete service. Moreover, Tehrani would be prejudiced if Plaintiffs' untimely service was executed. As the court noted under similar circumstances in Romero v. Bennett, supra, *4, the plaintiff's multi-year delay in effecting service "is likely to prejudice the defendants in their ability to investigate the plaintiff's claims and to mount a defense."

Even where the defendant would suffer little prejudice if plaintiff were given additional time to complete service, dismissal for failure to comply with Rule 4(m) may be appropriate. Thus, in Zapata v. City of New York, 502 F.3d 192, 199 (2d Cir. 2007), the Second Circuit held that the district court did not abuse its discretion in refusing to give plaintiff more time to serve the individual defendant – "[e]ven assuming the prejudice to [that defendant] was slight" – where plaintiff "made no effort to effect service within the service period, neglected to ask for more time, and has advanced no cognizable excuse for the delay." See also Coleman v. Milwaukee Board of School Directors, supra, 290 F.3d at 934 ("the cases make clear that the fact that the balance of hardships favors the plaintiff does not *require* the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule") (emphasis in original).

Delays in service of considerably less than the three and one-half year delay in service in this case have been treated as inexcusable and resulted in the dismissal of a complaint.

---

[4] This Court decided Barney Assocs. prior to the 1993 amendment of Fed. R. Civ. P. 4(m).

Romero v. Bennett, supra, *4 (complaint dismissed where plaintiff failed to effect service for more than 2 ½ years after filing complaint); Seabrook v. City of New York, 236 F.R.D. 123, 125 (E.D.N.Y. 2006) ("Plaintiff's nine month failure to serve the Complaint, absent any good cause, certainly warrants a dismissal under Fed. R. Civ. P. 4(m)"); Romero v. Keeney, supra, 168 F.D.R. at 484 (complaint dismissed where service was seven months late under Rule 4(m)); National Union Fire Ins. Co. of Pittsburgh v. Sun, supra, *3 (complaint dismissed based on plaintiff's failure to serve particular defendant "until 74 days after the expiry of the 120 day period").

    Since there is no reasonable excuse for Plaintiffs' failure to make timely service on Tehrani, the fact that their claims will be time-barred if the Second Complaint is dismissed against Tehrani does not warrant denial of this motion. Bakal v. Ambassador Construction, supra, *3 ("where. . . plaintiff can provide no reasonable excuse for the failure to make timely service, the fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss"); see also Zapata v. City of New York, supra, 502 F.3d at 198 ("It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired"); Hutchinson v. Civitella, supra, *32 (complaint dismissed even though statute of limitations would bar refiling of claims; excusing untimely service "is not mandated in every case where the statute of limitations issue is raised by the plaintiff"); Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("running of the statute of limitations does not require that a district court extend the time for service of process under the new rule. Rather, absent a finding of good cause, a district court may in its discretion still

dismiss a case even after considering that the statute of limitations has run"); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred").

In this case, as this Court found when it dismissed the First Complaint, Plaintiffs' claims were already time-barred when they were filed in 2005. Dismissing the Second Complaint therefore will not prevent Plaintiffs from pursuing their claims; since the claims were filed after the statute of limitations had expired, the reason they cannot be refiled is because they were untimely to begin with, and not because the statute of limitations expired in the period between the commencement of this action and service of the complaint on Tehrani. Moreover, if the Second Complaint survives dismissal on other grounds, Plaintiffs will be able to pursue their claims against the other Defendants. See Atsi Communications, Inc. v. Shaar Fund, Ltd., 222 F.R.D. 79, (S.D.N.Y. 2004) (motion for extension of time to serve principal of corporate defendant denied where "Plaintiff still has its claim against LCM [the corporate defendant], which remains a defendant in the action. Surely, there has been no showing that LCM would be unable to satisfy any judgment that might be rendered against it"). Finally, no reason for overlooking Plaintiffs' delay exists here where Plaintiffs were content to ignore Tehrani for about three and one-half years. As the Court pointed out in National Union Fire Insurance Co. of Pittsburgh v. Sun, supra, *4:

> Though leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger.

Plaintiffs' failure to serve Tehrani by February 2, 2006 as required by Fed. R. Civ. P. 4(m) – or to seek additional time to do so – should not be excused. Accordingly, the Second Complaint should be dismissed against Tehrani.

## POINT II

### BECAUSE PLAINTIFFS DO NOT ALLEGE THAT TEHRANI MADE ANY STATEMENTS DURING THE CLASS PERIOD, THE COMPLAINT SHOULD BE DISMISSED

Like co-defendant David Elliott ("Elliott"), by the time the class period began, Tehrani had not had any affiliation with MBIA for several years, and she is not alleged to have made any statements during the class period. Tehrani therefore joins in the arguments Elliott makes in support of his motion to dismiss.

## POINT III

### PLAINTIFFS' CLAIMS ARE TIME-BARRED AND OTHERWISE LEGALLY DEFICIENT

MBIA and the other individual defendants have moved to dismiss the Second Complaint on the grounds that Plaintiffs' claims are barred by the statute of limitations and statute of repose and that they fail to plead the elements of fraud. Tehrani is entitled to dismissal on the same grounds. Rather than repeat the other defendants' arguments, Tehrani joins in the other defendants' motion.

## CONCLUSION

For the reasons set forth above and in the motions to dismiss filed by the other defendants, it is respectfully submitted that the Second Consolidated Amended Complaint should be dismissed against Tehrani.

Dated: New York, NY
September 10, 2009

DUANE MORRIS LLP

By: *Fran M. Jacobs*
Fran M. Jacobs
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Defendant Julliette Tehrani