

ORIGINAL

**Memorandum Endorsement**

<u>In re MBIA Inc. Securities Litigation</u>, 05 Civ. 03514 (LLS)

9/25/09

In connection with defendants' motions to dismiss the second consolidated amended class action complaint, the parties have added to the record four matters. Separately or cumulatively considered, they do not so change the total mix of relevant information as to alter the conclusions reached by both this Court and the Court of Appeals "that inquiry notice arose from the report by Gotham Partners Management Co. ('Gotham') and prior disclosures regarding the 1998 reinsurance transactions" (Ct. App. Nov. 17, 2008 Am. Summ. Order 3), and thus plaintiffs' claims are barred by the statute of limitations. <u>See</u> 28 U.S.C. § 1658(b)(1) (two years after discovery, of which inquiry notice is the equivalent). The new matters are:

1. <u>December 16, 2002 Morgan Stanley analysts' report.</u>[1] Issued a week after the Gotham report, this stated that Morgan Stanley considered MBIA's purchase of financial reinsurance "to avoid having to record" the largest loss in the financial guaranty industry "an 'ill-advised' move," and that MBIA's decision to cede a portion of its future premium revenues to reinsurers for seven years for providing immediate coverage of the loss "was a bad decision" likely to affect MBIA's performance for years. Trakht Apr. 17, 2009 Decl. Ex. 38 at 11.

MBIA could not have claimed that Morgan Stanley was a short-seller of MBIA stock, as Gotham was, and apparently offered no response to the Morgan Stanley report.

If the Gotham report had not put plaintiffs on inquiry notice of the transactions, the Morgan Stanley report did.

2. <u>MBIA's Chairman Brown's December 10, 2002 remarks to the KBW conference.</u> These defensive remarks were similar in tenor to MBIA's December 9, 2002 press release discussed in my February 13, 2007 opinion at 18-19. At the conference, Mr. Brown conceded "There's a fair amount of actual fact in there. I don't agree with the conclusion, okay," and claimed "there are

---

[1] The Morgan Stanley report is not mentioned in the second consolidated amended class action complaint but was submitted by defendants in support of this motion. The Court takes judicial notice of the report, not for the truth of its contents, but for the fact of its publication. <u>See Staehr v. Hartford Fin. Servs. Group, Inc.</u>, 547 F.3d 406, 425 (2d Cir. 2008) ("it is proper to take judicial notice of the <u>fact</u> that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents, in deciding whether so-called 'storm warnings' were adequate to trigger inquiry notice") (emphasis in original).

some absolute misrepresentations" that MBIA will correct - but did not specify them. Id. Ex. 35 at 12.

Mr. Brown's disagreement with conclusions from acknowledged facts should have stimulated, not abated, inquiry.

3. December 10, 2002 Salomon Smith Barney analyst's report. Issued the day after the Gotham report, Salomon's analyst said it "had been expect[ed]" and was "not surprising," and expressed high regard for MBIA and Mr. Brown. Id. Ex. 34 at 1 (alteration added). He said that certain (unspecified) parts of the report "do not appear consistent with our understanding," and that they expected Mr. Brown "to offer further clarity about certain aspects of the insured portfolio" at the investors conference discussed above. Id.

While a pleasant character reference, that report invited, and deferred to Mr. Brown to allay, inquiry.

4. MBIA's stock price. Although plaintiffs assert that MBIA's stock price rose during the two days following the Gotham report, in fact its stock price fell 3.7% (from $43.83 to $42.20 per share) on the day the report was issued.

Thus, none of the tendered material affects the mix of relevant information contemporaneously available to MBIA investors to alter the conclusion that inquiry notice arose in December 2002 with respect to the side agreements ceding future income, and the statute of limitations bars these actions filed beginning in April 2005.

The second consolidated amended class action complaint is dismissed. Leave to amend further is denied, since plaintiffs have not suggested any further ground for avoidance of the statutory limitations bar.

This Memorandum Endorsement resolves the motions referenced in Docket Entry Numbers 63, 66, 69, and 85. The Clerk is directed to close this case.

So ordered.

Dated: New York, NY
September 24, 2009

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re MBIA INC. SECURITIES LITIGATION          :
                                                                            :
                                                                            :       05-CV-03514 (LLS)
------------------------------------------------------------ :       (Shareholders' Class Actions)
                                                                            :
This Document Relates To:                                :       **ECF CASE**
                                                                            :
                                                                            :       ORAL ARGUMENT
       ALL ACTIONS                                              :       REQUESTED
                                                                            :
------------------------------------------------------------ x

## NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Tatyana Trakht in Support of Motion to Dismiss by MBIA Inc. and Certain Individual Defendants, dated April 17, 2009, together with the exhibits thereto, and the accompanying Memorandum of Law in Support of Motion to Dismiss by MBIA Inc. and Certain Individual Defendants, defendants MBIA Inc., Gary Dunton, Neil G. Budnick, Joseph W. Brown, Douglas C. Hamilton and Nicholas Ferreri will move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, at a time and place to be set by the Court, for an Order dismissing with prejudice the Second Consolidated Amended Complaint.

Dated: New York, New York
         April 17, 2009

                                                            DEBEVOISE & PLIMPTON LLP

                                                            By:  /s/ Steven Klugman
                                                                Steven Klugman
                                                                (sklugman@debevoise.com)
                                                            919 Third Avenue
                                                            New York, New York 10022
                                                            212-909-6097

                                                            Attorneys for Defendants MBIA Inc., Gary
                                                            Dunton, Neil G. Budnick, Joseph W. Brown,
                                                            Douglas C. Hamilton and Nicholas Ferreri