USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-13-2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MBIA INC. SECURITIES LITIGATION | Civil Action No. 05-CV-03514(LLS) |
| | **ECF Case** |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |



WHEREAS, a consolidated action is pending before this Court captioned *In re MBIA Inc. Securities Litigation*, Civil Action No. 05-CV-03514 (LLS) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with a Settlement Agreement dated August 24, 2012, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. A hearing (the "Final Approval Hearing") shall be held before this Court at 3 p.m., on December 10, 2012, in Courtroom 21C, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in paragraph 1.12 of the Settlement Agreement should be entered; whether the proposed Plan of Distribution should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and to Lead Plaintiffs for their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any proposed award of

fees and expenses to Lead Counsel and to the Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Settlement Agreement and effectuating the Settlement, a Class of all Persons who purchased or otherwise acquired MBIA common stock between August 5, 2003 and March 30, 2005, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period, the officers and directors of MBIA during the Class Period, and the legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person. Also excluded from the Class are any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

4. Solely for purposes of the Settlement Agreement and the Settlement, the Court preliminarily determines that (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of continuing the litigation of these

claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than September 17, 2012, MBIA will use reasonable efforts to cause its transfer agent to provide to Lead Counsel and/or the Claims Administrator, in a computer-readable format, the last known names and addresses of all shareholders of record during the Class Period;

(b) Not later than September 26, 2012, Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

(c) Not later than October 3, 2012, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

(d) Not later than October 17, 2012, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased or otherwise acquired MBIA common stock for the benefit of another Person during the period from August 5, 2003 through March 30, 2005, inclusive, shall be requested to send the Notice and Proof of Claim and Release form to all such beneficial owners of MBIA common stock within ten (10) calendar days after receipt thereof, or send a list of the names

and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

7. Other than the cost of providing MBIA's transfer records to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall Defendants bear any responsibility for such fees, costs, or expenses.

8. All members of the Class (except persons who opt out pursuant to paragraph 11 of this Order) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked no later than February 23, 2013. Any Class Member who does not submit a Proof of Claim and Release form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

10. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If a member of the Class does not enter an appearance, that Person will be represented by Lead Counsel.

11. Any Person falling within the definition of the Class may, upon request, be excluded from, or "opt out" of, the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than November 3, 2012, and the Claims Administrator shall inform all counsel of the total number of such persons as soon as it is ascertained, and in any event by November 12, 2012. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases or acquisitions of MBIA common stock from August 5, 2003 through March 30, 2005, inclusive, including the dates, the number of shares of MBIA common stock purchased or acquired, and price paid for each such purchase or acquisition; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

12. Lead Counsel and/or the Claims Administrator shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, as expeditiously as possible and in any event no later than December 3, 2012.

13. Any member of the Class may appear and object if such member has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiffs or to Lead

Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs or to Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; Steven Klugman, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; John N. Orsini, Friedman Kaplan Seiler & Adelman LLP, 7 Times Square, New York, NY 10036, and filed with the Clerk of the United States District Court for the Southern District of New York, on or before November 5, 2012. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Lead Plaintiffs' counsel, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the person(s) paying the same pursuant to the Settlement Agreement and/or further order(s) of the Court.

15. All papers in support of the Settlement, Plan of Distribution, and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than November 19, 2012; any memoranda of law in opposition shall be filed and served no later than

December 3, 2012; and any reply memoranda shall be filed and served no later than December 10, 2012, at 10 a.m.

16. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Plaintiffs' counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Plaintiffs' counsel, and any application for attorneys' fees and expenses should be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise does not become effective, Lead Counsel shall repay any amounts actually and properly incurred or disbursed pursuant to paragraph 6.2 of the Settlement Agreement.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to comply with the terms of the Settlement Agreement or otherwise implement the Settlement. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

21. The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the members of the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in paragraph 2 of this Order, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: September 12, 2012 Louis L. Stanton

THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE